UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE NATIONAL AUTOMATIC<br>SPRINKLER INDUSTRY WELFARE FUND,<br>TRUSTEES OF THE NATIONAL AUTOMATIC<br>SPRINKLER LOCAL 669 UA EDUCATION FUND,<br>TRUSTEES OF THE NATIONAL AUTOMATIC<br>SPRINKLER INDUSTRY PENSION FUND, TRUSTEES<br>OF THE SPRINKLER INDUSTRY SUPPLEMENTAL<br>PENSION FUND AND TRUSTEES OF THE<br>INTERNATIONAL TRAINING FUND<br>8000 Corporate Drive<br>Landover, MD  20785, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | )<br>) C.A. NO.<br>) |
| **715 FIRE PROTECTION LLC**<br>11259 N. State Road 77<br>Hayward, WI  54843 | )<br>)<br>)<br>) |
| Serve:  Sarah Jungbluth, Registered Agent<br>11259 N. State Road 77<br>Hayward, WI  54843 | )<br>)<br>)<br>) |
| and | )<br>) |
| **MATTHEW A. JUNGBLUTH**<br>11259 N. State Road 77<br>Hayward, WI  54843 | )<br>)<br>)<br>) |
| Serve:  Matthew A. Jungbluth<br>11259 N. State Road 77<br>Hayward, WI  54843 | )<br>)<br>)<br>) |
| and | )<br>) |
| **SARAH JUNGBLUTH**<br>11259 N. State Road 77<br>Hayward, WI  54843 | )<br>)<br>)<br>) |
| Serve:  Sarah Jungbluth<br>11259 N. State Road 77<br>Hayward, WI  54843 | )<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

## COMPLAINT

## (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS AND FOR BREACH OF SETTLEMENT AGREEMENT)

### Parties

1.      Plaintiffs Trustees of the National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Local 669 UA Education Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund, Trustees of the Sprinkler Industry Supplemental Pension Fund, Trustees of the International Training Fund (hereinafter "NASI Funds") are employee benefit plans as that term is defined in Section 3(3) of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1002(3).  Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NASI Funds (hereinafter "Trust Agreements") and the Collective Bargaining Agreement between Road Sprinkler Fitters Local Union No. 669 and the Defendant 715 Fire Protection LLC (hereinafter "715 Fire").  The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland  20785.

2.      Defendant 715 Fire is a corporation existing under the laws of the State of Wisconsin with offices located in Wisconsin. Defendant transacts business in the State of Wisconsin as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

3.      Defendant Matthew A. Jungbluth is the President of the Defendant 715 Fire and a

resident of the state of Wisconsin.

4.       Defendant Sarah Jungbluth is a resident of the state of Wisconsin.

### Jurisdiction

5.       This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a).  This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement and an action for breach of a Settlement Agreement and Promissory Note.

### COUNT I

6.       Defendant 715 Fire is signatory to a Collective Bargaining Agreement with Road Sprinkler Fitters Local Union No. 669 (hereinafter referred to as "the union") requiring contributions to the NASI Funds for each hour of work by employees performing installation of automatic sprinkler systems.

7.       Defendant 715 Fire is bound to the Trust Agreements and to the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

8.       Defendant 715 Fire employed certain employees covered by the Collective Bargaining Agreement during the period of August 2015 through the present.

9.       The Defendant 715 Fire experienced substantial difficulty in making the required benefit contributions owed to the NASI Funds.  In response to these difficulties, the NASI Funds and said Defendant entered into a Settlement Agreement and Promissory Note (hereinafter "settlement documents") allowing for a systematic payment over time of all amounts owed to the

NASI Funds.   These settlement documents required, inter alia, the payment of the principal amount of $45,692.76 by said Defendant to the NASI Funds in monthly installment payments over a period of ten months.   The settlement documents further provided that the Defendant 715 Fire remain current in all future contributions to the NASI Funds for the duration of the settlement and file all monthly report forms and payments on time as required by the Funds' Trust Agreements.   Liquidated damages in the amount of $24,416.77 were waived contingent upon the Defendant 715 Fire making each and every one of the scheduled payments as they became due under this Agreement and contingent upon the Defendant remaining current in its monthly contributions for the duration of the settlement.

10.    Defendants Matthew A. Jungbluth and Sarah Jungbluth personally executed these settlement documents pursuant to which they committed themselves to act as a guarantor for all amounts owed by the Defendant 715 Fire to the NASI Funds inclusive of future monthly contributions owed to the NASI Funds for the duration of the settlement.

11.    The Defendant 715 Fire defaulted on the terms of the settlement documents by failing to pay contributions owed to the NASI Funds for the months of February 2018 through June 2018 and by failing to make the settlement payments due on June 15, 2018 and July 15, 2018. Pursuant to the terms of the settlement documents, Defendant 715 Fire is in default and the amount of $60,615.00 for contributions and reinstated liquidated damages currently owed under the settlement documents is immediately due and payable to the NASI Funds.

12.    Defendant 715 Fire has failed to make contributions due to Plaintiff Funds on behalf of its employees for the months of February through April 2018.   Pursuant to remittance reports submitted by said Defendant, the Plaintiff Funds have calculated that the Defendant owes contributions in the amount of $37,108.87 for those months.   Pursuant to the terms of the

4

Collective Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

13.     Defendant 715 Fire has failed to complete contributions due to Plaintiff Funds on behalf of its employees for the months of May and June 2018.  In addition, Defendant has failed to submit report forms for these months.   Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

14.     Pursuant to Article VI, Section 6 of the Restated Agreements and Declarations of Trust establishing the NASI Funds, when an employer fails to file the properly completed report forms, in order to determine the amounts due, the Funds are authorized to project the delinquency amount using the following formula:

> . . . The Trustees may project as the amount of the delinquency the greater of (a) the average of the monthly payments or reports submitted by the Employer for the last three (3) months for which payments or reports were submitted, or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted . . .

15.     Using report forms submitted for the last three (3) months for which reports were submitted, the projected delinquency for the months of May and June 2018 is $28,769.98 calculated as follows:

| Month | Hours |
|-------|-------|
| February 2018 | 791.0 |
| March 2018 | 721.0 |
| April 2018 | 535.2 |
| Average Monthly Hours: | 682.4 |

**Rates in Effect**

| | |
|---|---|
| Welfare | $9.67 |
| Education | $0.42 |
| Pension | $6.40 |
| SIS | $4.49 |
| ITF | $0.10 |

16.     Defendant 715 Fire's contributions on behalf of its sprinkler fitter employees for the months of February 2018 through June 2018 as set forth herein are late.

17.     Pursuant to the Trust Agreements and the Guidelines for Participation in the NASI Funds, an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

    (1)     If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.

    (2)     An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.

    (3)     An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

18.     Pursuant to this provision, Defendant 715 Fire is obligated to Plaintiff Funds in the amount of $12,456.52 in liquidated damages assessed on late contributions as set forth herein, plus interest from the date of delinquency through the date of payment at the rate provided in 29 U.S.C. Section 1132(g) and the Restated Agreements and Declarations of Trust establishing the NASI Funds.

19.     Pursuant to the terms of the settlement documents, the Defendants Matthew A. Jungbluth and Sarah Jungbluth are liable for all amounts owed by the Defendant 715 Fire to the NASI Funds. Accordingly, the Defendants Matthew A. Jungbluth and Sarah Jungbluth are liable to the NASI Funds for the sum of $138,950.37, plus costs, interest and attorneys' fees.

**WHEREFORE**, in Count I, Plaintiff Funds pray for judgment against the Defendants 715 Fire, Matthew A. Jungbluth and Sarah Jungbluth, jointly and severally, as follows:

A.      In the amount of $60,615.00 as currently owed under the terms of the settlement documents.

B.      In the amount of $65,878.86 for contributions due for work performed during the months of February 2018 through June 2018, plus costs, interest, and reasonable attorneys' fees assessed pursuant to 29 U.S.C. § 1132(g), the Trust Agreements and the Guidelines for Participation in the NASI Funds.

C.      In the amount of $12,456.52 for liquidated damages assessed on late contributions for the months of February through June 2018, plus costs, interest, and reasonable attorneys' fees assessed pursuant to 29 U.S.C. § 1132(g), the Trust Agreements and the Guidelines for Participation in the NASI Funds.

D.      For costs, interest, and reasonable attorneys' assessed pursuant to 29 U.S.C. § 1132(g), the Trust Agreements and the Guidelines for Participation in the NASI Funds.

E.      For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g) and the Restated Agreements and Declarations of Trust establishing the NASI Funds.

F.      For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, D.C.  20015
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com


By:  _____/s/_____
        Charles W. Gilligan
        Maryland Bar No. 05682
        Attorneys for Plaintiffs

311186_1

8

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 1st day of August, 2018 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC: TEGE
Room 4300
1111 Constitution Avenue
Washington, DC  20224
Attention:  Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC  20210
ATTENTION:  Assistant Solicitor for
        Plan Benefits Security

_____ /s/ _____
Charles W. Gilligan

311186_1